**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE HAGENDORF, Attorney, as special administrator of the estate of Deborah Carroll,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>LADAH LAW FIRM PLLC; RAMZY P. LADAH,<br><br>        Defendants-Appellees. | No. 20-16127<br><br>D.C. No. 2:18-cv-00960-JCM-BNW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 17, 2022[**]
San Francisco, California

Before: S.R. THOMAS, BENNETT, and SUNG, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Wayne Hagendorf, on behalf of his deceased spouse Deborah Carroll ("Carroll"), appeals from the district court's order granting summary judgment to Defendants-Appellees Ladah Law Firm PLLC and Ramzy P. Ladah (collectively, "Ladah") on Carroll's claims for unpaid overtime wages and final paycheck penalties under Nevada and federal law. We review de novo the district court's grant of summary judgment. *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

1. The district court erred in granting summary judgment on the entirety of Carroll's overtime claim. Ladah's records show that Carroll was logged into the company's Effortless Office ("EO") system for more than 40 hours during 13 of the 42 weeks of her employment with Ladah.[1] Viewed in the light most favorable to Carroll, the EO records, Carroll's declaration, and the undisputed fact that EO automatically logs users out after a period of inactivity together create a genuine issue of material fact regarding whether Carroll worked overtime hours for these

---

[1] EO records show Carroll was logged in for more than 40 hours during the weeks beginning May 22, 2017, June 9, 2017, August 14, 2017, September 11, 2017, September 18, 2017, October 2, 2017, October 16, 2017, November 13, 2017, November 27, 2017, December 4, 2017, December 11, 2017, January 29, 2018, and February 5, 2018.

13 weeks.² *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We vacate and remand to the district court for reconsideration of Carroll's overtime claims for these 13 weeks.

Ladah argues that summary judgment is nonetheless appropriate because neither Appellee had actual or constructive knowledge of Carroll's hours worked. *See Campbell v. Los Angeles*, 903 F.3d 1090, 1102 (9th Cir. 2018). The district court did not reach this issue and should address it on remand.

3. The district court properly granted summary judgment on the remaining 29 weeks of Carroll's employment. Carroll's general statement that she performed additional work tasks while logged out of the EO system and her self-generated spreadsheet citing isolated texts and emails as evidence of multiple hours worked are too conclusory to survive summary judgment.³ *See Taylor v. List*, 880 F.2d

---

² Ladah's contention that Carroll may have logged into EO and left to complete personal tasks at most creates a factual dispute about whether Carroll's EO hours constitute compensable worktime.

³ In his reply brief, Appellant raises for the first time the argument that the continuous workday doctrine creates the inference that Carroll worked more than forty hours during many additional weeks. *See Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 941 (9th Cir. 2019). By not raising this argument before the district court or in his opening brief, Appellant has waived it. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Even if the argument were not waived, there is not enough information in the record for this court to conclude that Carroll's first EO system log-in and last EO system log-off of each day constitute her first and final principal activities, respectively. 29 C.F.R. § 790.6(a).

1040, 1045 (9th Cir. 1989). We affirm the district court with respect to the remaining 29 weeks.

    4. Ladah made Carroll's last paycheck available to her within the time required by Nevada law. Nev. Rev. Stat. § 608.040(1)(a). The district court correctly held that Carroll is not entitled to penalties for late payment of her final regular wages because she declined to pick up her check. § 608.040(2).

    However, Carroll's final paycheck may not have included all wages due at the time of her termination. *See Neville v. Eighth Jud. Dist. Ct.*, 406 P.3d 499, 501, 504 (Nev. 2017). We vacate the district court's summary judgment order on Carroll's final paycheck claim and remand for reconsideration in light of Carroll's unpaid overtime claims for the 13 weeks identified above.

    **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**